**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LLOYD PATRICK WALTERS | : |
| | : Civil Action No. PJM-07-1228 |
| v. | : Criminal Action No. PJM-00-122 |
| | : |
| UNITED STATES OF AMERICA | : |

**MEMORANDUM OPINION**

Before the Court is a pro se motion under Rule 60(b) of the Federal Rules of Civil Procedure filed by Lloyd Patrick Walters, a inmate confined at the Federal Correctional Institution Elkton. The court will construe the Motion under 28 U.S.C. §2255, and deny it without prejudice for lack of jurisdiction.

**I. Procedural Background**

On November 15, 2000, Walters pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following his guilty plea, the Court sentenced him to 180 months imprisonment and five years of supervised release. On June 18, 2001, Walters filed a notice of appeal. On May 31, 2002, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. Plaintiff's Motion to Vacate, Set Aside, or Correct was denied on August 6, 2003. *See Walters v. United States*, Civil Action No. PJM-01-3439 (D. Md.). Plaintiff subsequently filed several motions requesting reconsideration of the decision, all of which were denied. The Fourth Circuit denied a Certificate of Appealability on November 12, 2004.

On August 1, 2005, Walters filed a second 28 U.S.C. §2255 Motion to Vacate to challenge his conviction. The Court dismissed the Motion without prejudice for lack of jurisdiction on September 30, 2005. *See Walters v. United States*, Civil Action No. PJM-05-2101 (D. Md.).**II. Claims Presented**

In the instant pleading, Walters claims his sentence is illegal and he received ineffective assistance of counsel at sentencing.  Specifically, he argues that his prior state conviction for battery was improperly considered as a crime of violence for determining his status as an Armed Career Criminal.

## III.  Analysis

### A.  Federal Rule of Civil Procedure 60(b)

The first question presented is whether this pleading is properly construed under Rule 60(b) or as a second or successive 28 U.S.C. §2255 application for federal habeas relief.  A Rule 60(b) motion that   "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In *Gonzales*, the United States Supreme Court recognized that the term "on the merits" has multiple usages, and that a petitioner was not making a habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error- for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar."  *Id.* at 532  n. 4.   Such motions attack "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Gonzales,* 545 U.S. at 532 (2005).  If a Rule 60(b) motion attempts to revisit a federal habeas court's denial on the merits, it should be dismissed as a successive to prevent petitioners from using collateral review to circumvent the rule against successive petitions.  *See id.* at 534 (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

In *United States v. Winestock*, 340 F. 3d 200, 203-4 (4th Cir. 2003), the United States Court of Appeals instructed that Rule 60(b) motions must be treated as successive collateral challenges on

a conviction where failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application of the bar against litigation of claims not presented in a prior application. The appellate court explained that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id*. at 207.

In the instant proceeding, apart from referencing Fed. Rule Crim P. 60(b)(4) and (b)(6), Walters fails to discuss why he believes he is entitled relief from judgment under these provisions. Rule 60(b)(4) provides that the court may relieve a party from final judgment "if the judgment is void." Fed R. Civ. P. 60(b)(4). "An order is 'void' for the purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F. 3d 410, 412 (4th Cir. 2005) (citation omitted). Nowhere in the pleading does Walters advance any arguments challenging the jurisdiction of this Court in rendering his judgment and conviction. Rule 60(b)(6) allows a court to relieve a party of final judgment for "any other reason justifying relief from the operation of the judgment." Fed R. Civ. P. 60(b)(6). It is an extraordinary remedy that may be invoked only upon a showing of exceptional circumstances. *See Griffin v. Swin-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). The burden is on petitioner to persuade the Court that the circumstances are extraordinary and warrant relief. *See Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996). Walters fails to present any basis for an award of extraordinary relief.

Even were this pleading construed pursuant to Rule 60(b), Walters is neither challenging a procedural defect nor questioning the integrity of his first federal collateral proceeding. Instead,

he is attacking his underlying criminal judgment and sentence. As such, this pleading is properly construed pursuant to 28 U.S.C. §2255. *See Gonzales*, 545 U.S. at 532; *Winestock*, 340 F. 3d at 206-7.

**B.  Second or Successive Habeas 28 U.S.C. §2255 Petition**

Inasmuch as this is Walters's third §2255 motion, it may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A); *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Petitioner has not submitted evidence that he has obtained prior certification from the Fourth Circuit to file a second or successive §2255 motion.[1] Consequently, the Court will dismiss the motion without prejudice for lack of jurisdiction by separate order.

_____/s/_____
ALEXANDER WILLIAMS, JR.
FOR
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

May 14, 2007

---

[1]The Court will direct the Clerk to mail to Petitioner an information and forms packet for requesting this authorization from the United States Court of Appeals for the Fourth Circuit.